UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
FEB 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

V.

Case: 1:08-cv-00261
Assigned To : Robertson, James
Assign. Date : 2/19/2008
Description: Employ Discrim.

Henry M. Paulson, Jr.
Secretary of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC 20220

## COMPLAINT
## CAUSE OF ACTION

1  As plaintiff Maria V. Carmona, I claim that Defendant Henry M. Paulson, Jr., Secretary of

2  the Treasury, his staff, and his predecessors and their staffs, have committed, and are being

3  allowed to commit, along with other officials of the United States government, a long-term

4  pattern of discrimination, retaliation, disparate treatment/impact, and a hostile/harassing work

5  environment against me in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as

6  amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967

7  (ADEA), as amended, 29 U.S.C. § 621 *et seq.*, based on my national origin (Hispanic); sex

8  (female); age (D.O.B. October 8, 1952); and in reprisal for engaging in prior statutorily protected

9  activity.

10     EEOC 29 C.F.R. 1614[1] provides, in part, that:

11     (a)    It is the policy of the Government of the United States to provide equal opportunity

12            in employment for all persons, to prohibit discrimination in employment because

13            of race, color, religion, sex, national origin, age or handicap and to promote the

14            full realization of equal employment opportunity through a continuing affirmative

15            program in each agency.

16     (b)    No person shall be subject to retaliation for opposing any practice made unlawful

17            by title VII of the Civil Rights Act (title VII) (42 USC 2000e *et seq.*), the Age

18            Discrimination in Employment Act (ADEA) (29 USC 621 *et seq.*), …or for

19            participating in any stage of administrative or judicial proceedings under those

20            statutes.

21     I claim evidence clearly shows that the pattern and practice of failure by officials of the

22 United States government, to include the Defendant and his staff and the Chairs of the EEOC

23 and their staff, to comply with 29 C.F.R. 1614 and with EEO MD-110[2] during the processing

24 of my administrative complaints has violated the terms and conditions of my employment.

25     I claim evidence clearly shows that officials of the United States government have exhibited

26 a long-term pattern and practice of conspiring to oppress, threaten, and intimidate me out of my

27 civil right to equal employment opportunity in violation of 18 U.S.C. § 241 (2002) Conspiracy

28 Against Rights, which states:

---

[1] Equal Employment Opportunity Commission (EEOC), *Federal Sector Equal Employment Opportunity, Final Rule,* at 29 C.F.R. 1614.
[2] EEOC, *Equal Employment Opportunity Management Directive,* EEO MD-110.

29  If two or more persons conspire to injure, oppress, threaten, or intimidate any

30  person in any State, Territory, or Commonwealth, Possession, or District in the

31  free exercise or enjoyment of any right or privilege secured to him by the Constitution

32  or laws of the United States, or because of his having so exercised the same....

33  They shall be fined under this title or imprisoned not more than ten years, or both....

34  I claim that evidence clearly shows that officials of the United States government have

35  exhibited a long-term pattern and practice of conspiring to oppress, threaten, and intimidate me

36  out of my civil right to equal employment opportunity in violation of 18 U.S.C. § 241 (2002)

37  Conspiracy Against Rights.

## STATEMENT OF THE CASE

38  As plaintiff Maria V. Carmona, I first wish to state that I am not an attorney, that I am

39  proceeding *pro se*, and that I have never been represented by an attorney in any of my

40  twenty-one administrative processes or seven legal actions that I have been forced to file to date

41  against the Defendant. The basis of jurisdiction for the court is U.S. Government Defendant, as

42  noted on Form JS 44, Civil Cover Sheet.

43  I am a United States citizen, a Hispanic White Female, Age 55, GS-511-14, who has

44  more than twenty-three years of consistently highly-rated service with the Treasury Office of

45  Inspector General (OIG). I am in my thirty-second year of federal service.

46  I first joined the Treasury OIG as a Grade 7 auditor (GS-511-07) during March 1983,

47  following attending classes at night and on weekends for several years to obtain a second

48  bachelors degree, this time in business with a major in accounting, and shortly after becoming

49   a Certified Public Accountant (CPA). Prior to joining Treasury OIG in 1983 I had risen to the

50   Grade 10 in my federal career.

51   Despite my proven leadership skills, my consistently highly-rated performance appraisals,

52   to include in the management category, my qualifications, and my proven extensive and

53   varied technical and managerial experience with Treasury and its Bureaus beginning in 1983,

54   I have not been permanently promoted beyond the Grade 14.

55   Since December 1995 I have been forced to file twenty-one formal administrative equal

56   employment opportunity (EEO) complaints against Defendant, i.e., the Secretary of the Treasury,

57   currently Henry M. Paulson, Jr. This is the seventh civil action[3] I have been forced to file to date

58   against Defendant.

59   The instant case addresses those separate and distinct claims, issues, and matters that

60   I raised in my eighteenth and nineteenth formal administrative EEO complaints against the

61   Secretary of the Treasury, as filed on September 9, 2005, and on December 12, 2005,

62   respectively, during the thirtieth year of my federal career.

63   Joey Maranto was selected for the first position at issue. Alain Dubois was selected for the

64   second position at issue. They are not female, indicating gender discrimination; to my

65   knowledge they are not of Hispanic national origin, indicating national origin discrimination; and

66   to my knowledge they are younger than me, indicating age discrimination. I also claim that I had

67   more relevant experience for the positions at issue.

---

[3] 01cv0115 (CKK), 04cv0589 (JR), 05cv1194 (JGP), 05cv2428 (JR), 07cv0968 (JR), 07cv0969 (JR) and the separate and distinct civil case filed today, i.e., my seventh civil action, on the denial of administrative EEO complaint numbers TD-05-2588 and TD-06-2153, which chronologically represent the eighteenth and nineteenth of the twenty-one formal EEO administrative complaints that I have been forced to file to date.

68   EEOC Office of Federal Operations Director Carlton M. Hadden, issued a decision on

69   November 16, 2007, P.Ex.[4] A, denying my request for reconsideration and informing me that

70   I have no further right to administrative appeal and that I have the right to file a civil action.

71   I wish to note, in part, that in his denial on page one of his decision Mr. Hadden claimed that

72   I alleged discrimination in part on the bases of national origin (Hispanic/Cuban). This is an

73   incorrect statement.

74   I claim that officials of the United States government:

75   1) were and are fully aware of my Hispanic national origin, my sex, and my age, as these

76   material facts have been a part of my official federal personnel records since 1976;

77   2) were and are fully aware of my qualifications for promotion, as is clearly evidenced

78   in my consistently highly-rated performance appraisals, to include consistently high

79   ratings in the management category, over my twenty-three year career with the

80   Treasury OIG;

81   3) were and are fully aware that I had engaged in statutorily protected activities;

82   4) were and are fully aware of highly-specific, relevant, and pertinent material factual

83   evidence that I have placed on the administrative records in each of my twenty-one

84   formal EEO complaints in support of the claims, issues, and matters that I raise; and

85   5) were and are fully aware of highly-specific, relevant, and pertinent material factual

86   evidence that I have placed on the records in each of my civil actions in support of the

87   claims, issues, and matters that I raise.

---

[4] P.Ex. designates Plaintiff Exhibits.

88    I claim under Title VII that I am a member of a class(es) protected by the statute, i.e.,

89    national origin (Hispanic), sex (female); that I suffered adverse employment actions, i.e., with

90    regards to my non-selection for promotion; [and] I was qualified for the position(s) at issue [but]

91    ... treated less favorably than others not in the protected class(es), i.e., candidates were selected

92    who are not members of my protected class(es).

93    I claim, therefore, that evidence clearly shows that I have succeeded in establishing *prima*

94    *facie* cases under Title VII.

95    I claim evidence clearly shows that I have succeeded in establishing *prima facie* cases under

96    Title VII with regards to retaliation for engaging in statutorily protected activities.

97    I claim that I have also succeeded in establishing *prima facie* cases under ADEA.

98                                **RELIEF REQUESTED**

99    I am demanding a jury trial. I am demanding an award of damages in the amount of

100    $120,000,000.

Respectfully Submitted,

Maria V. Carmona, *pro se*
8306 Haven Hill Court
Laurel, Maryland  20723
(301) 490-4328

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Maria V. Carmona,
Complainant,

v.

Henry M. Paulson, Jr.,
Secretary,
Department of the Treasury,
Agency.

Request No. 0520080047

Appeal No. 0120071402
Agency No. TD062153

## DENIAL

Complainant timely requested reconsideration of the decision in *Maria V. Carmona v. Department of the Treasury*, EEOC Appeal No. 0120071402 (May 30, 2007). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

Complainant alleged discrimination on the bases of national origin (Hispanic/Cuban), sex (female), age (D.O.B. 10/08/52), and/or reprisal for prior protected EEO activity under Title VII of the Civil Rights Act of 1964 when: (1) on February 16, 2005, she was not selected for a GS-511-15 Supervisory Auditor position (Position I) that was advertised under vacancy Announcement number OA-2005-007; and (2) on August 8, 2005, she was not selected for a GS-511-15 Supervisory Auditor position (Position II) that was originally advertised under Vacancy Announcement Number OA-2005-015, then re-announced under Vacancy Announcement Number OA-2005-017.

In its decision, the agency determined that complainant established a *prima facie* case of sex, national origin, and age discrimination and reprisal with respect to Position I. The decision further found that the agency articulated a legitimate nondiscriminatory reason for selecting the selectee. However, the decision concluded that complainant failed to show that the agency's articulated reason for choosing the selectee for the position at issue was pretext for discrimination. With respect to Position II, the decision found that complainant established a

Plaintiff
Exhibit
A
Upon Initial Filing

2                                                                          0520080047

*prima facie* case of sex and national origin discrimination, as well as in reprisal. However, it determined that she failed to establish a *prima facie* case of age discrimination. The decision then found that the agency articulated a legitimate nondiscriminatory reason for choosing the selectee; the agency then found that complainant failed to show that the agency's reason was pretextual.

Pursuant to complainant's appeal, the Commission found that complainant has failed to prove by a preponderance of the evidence that the agency acted on the bases of sex, national origin, and/or age discrimination or in reprisal when it did not select her for GS-511-15 Supervisory Auditor positions on February 16 and August 8, 2005.

Complainant then filed a request for reconsideration, arguing that despite her proven leadership skills, highly-rated performance appraisals, qualifications and experience, she has not been permanently promoted beyond Grade 14. Complainant alleged that a fair, unbiased, reasonable, objective and impartial reviewer would have found that the agency committed a practice of discrimination, retaliation, disparate treatment and harassment against her due to her protected groups. Complainant further alleged that she requested reconsideration of the Commission's decision as the decision involved clearly erroneous interpretations of material facts and allows officials at the agency and at the Commission to continue their clear policy of a long-term pattern of discrimination. The agency responded to complainant's request, alleging that the request did not meet the criteria of 29 C.F.R. § 1614.405.

Having reviewed our earlier decision, we find it appropriate to deny the request as it fails to meet the criteria of 29 C.F.R. § 1614.405(b). Complainant has not indicated how the Commission clearly and erroneously applied the facts and law in this case. In her request, complainant has essentially alleged that discrimination by the agency was the sole reason for her failure to be chosen for the positions at issue. However, we have already addressed that issue in our prior decision on the AJ's conclusions. Complainant's continued difference of opinion and interpretation of the facts does not establish that the prior decision clearly erred in its interpretation of the facts and law in this matter. We find no error in our evaluation of the facts and law. Moreover, we note that complainant has raised on reconsideration the same arguments she raised on appeal. Complainant therefore intends to have our office review the matter on appeal a second time, yet our Management Directive prohibits such action. A "request for reconsideration is not a second appeal to the Commission." Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614, at 9-17 (rev. Nov. 9, 1999). We only grant reconsideration in the two very narrow circumstances listed above. As complainant has not shown how our interpretation of the material facts or law was clearly erroneous, the decision in EEOC Appeal 0120071402 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

3                                                                          0520080047

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations


___NOV 1 6 2007___
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Maria V. Carmona
P.O.B. 454
Fulton, MD  20759

J. Steven Elbell
P.O.B. 454
Fulton, MD  20759

Mariam G. Harvey, Director, EO Programs
Office of Equal Opportunity & Diversity Division
Department of the Treasury
1750 Pennsylvania Ave., NW  Rm: 8157D
Washington, DC  20220

NOV 1 6 2007
Date

_____
Equal Opportunity Assistant

## I (a) PLAINTIFFS

M. V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

## DEFENDANTS

Henry M. Paulson, Jr.
Secretary of the Treasury
1500 Pennsylvania, N.W.
Washington, DC 20220

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____88888_____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Maria V. Carmona, Pro Se
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

Case: 1:08-cv-00261
Assigned To : Robertson, James
Assign. Date : 2/19/2008
Description: Employ Discrim.

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⦿ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY!)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○1 | ○1 | Incorporated or Principal Place of Business in This State | ○4 | ○4 |
| Citizen of Another State | ○2 | ○2 | Incorporated and Principal Place of Business in Another State | ○5 | ○5 |
| Citizen or Subject of a Foreign Country | ○3 | ○3 | Foreign Nation | ○6 | ○6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

3

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violations of Title VII of the Civil Rights Act Of 1964, as amended, Age Discrimination in Employment Act (ADEA) of 1967, and 18USC 241

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐   DEMAND $ 120,000,000  Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE February 19, 2008   SIGNATURE OF ATTORNEY OF RECORD  *Maria V. Carmona, pro se*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.