UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA V. CARMONA, | ) |
| Plaintiff, | ) |
| v. | ) Civ. A. No. 08-261 (JR) |
| HENRY M. PAULSON, JR., SECRETARY OF THE TREASURY, | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER**

Pursuant to Federal Rule of Civil Procedure 8, defendant hereby answers the complaint of pro se plaintiff Maria V. Carmona as follows:[1]

Lines 1-9. Defendant denies the allegations in lines 1-9 of the complaint, except that defendant admits plaintiff is asserting claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). Defendant further admits that plaintiff was born on October 8, 1952.

Lines 10-20 (including Fn. 1). These lines purport to quote 29 C.F.R. § 1614. No response is necessary to these lines.

Lines 21-24 (including Fn. 2). Defendant denies the allegations in Lines 20-24.

Lines 25-28. Defendant denies the allegations in Lines 25-28.

Lines 29-33. This is an excerpt from 18 U.S.C. § 241. No response to these lines is necessary.

---

[1] Plaintiff's complaint does not contain numbered paragraphs. However, the lines in the complaint are numbered. In answering the complaint, defendant has, where appropriate, grouped lines of the complaint together.

Lines 34-37.  Defendant denies the allegations in Lines 34-37.

## STATEMENT OF THE CASE

Lines 38-41.  Defendant denies that plaintiff has been "forced" to file twenty-one administrative complaints or seven lawsuits against the Department of Treasury.  Defendant admits that plaintiff has not been represented by counsel in any of those proceedings and that she is proceeding pro se in this matter.

Lines 41-42.  This is a statement of law to which no response is required.

Lines 43-45.  Defendant admits that plaintiff is a United States citizen, a Hispanic White Female, and a GS-511-14.  Defendant lacks sufficient information to admit or deny whether plaintiff has thirty-three years of "consistently highly-rated service" with the Treasury Office of Inspector General.

Lines 46-49.  Defendant admits that plaintiff joined the Office of Inspector General in March 1983 as a GS-7.  Defendant further avers that plaintiff's application for employment reflects that she has a second bachelor's degree and that she has a Certified Public Accountant certification.  Defendant lacks sufficient information to admit or deny whether plaintiff attended classes on nights and on weekends to obtain a second bachelor's degree.

Lines 49-50.  Defendant admits that plaintiff's OPF reflects that, prior to joining the Office of Inspector General in 1983, she had reached the GS-10 level.

Lines 51-54.  Defendant denies the allegations in Lines 51-54, except that Defendant admits plaintiff has not been permanently promoted beyond the GS-14 level.

Lines 55-58 (including Fn. 3).  Defendant denies the allegations in Lines 55-57.  Defendant further avers that plaintiff has filed seven civil actions against the Department of

Treasury, but denies that plaintiff was "forced" to do so.

Lines 59-62.  Defendant admits that plaintiff's complaint addresses the issues that the Department of Treasury investigated in TD 05-2588 and TD 06-2153.

Lines 63-67.  Defendant denies the allegations in lines 63-67, except Defendant admits that the two individuals selected for these positions are not female or Hispanic, and that they are younger than the plaintiff.

Lines 68-73 (including Fn. 4).  Defendant admits the allegations in lines 68-73.

Lines 74-76.  Defendant admits the allegations in lines 74-76, except Defendant denies that plaintiff's national origin is part of her federal personnel records.

Lines 77-80.  Defendant denies the allegations in Lines 77-80, except that Defendant admits it has knowledge of her qualifications.

Line 81.  Defendant admits the allegation in line 81.

Lines 82-87.  Defendant denies the allegations in lines 82-87.

Lines 88-92.  Defendant admits that plaintiff is making these claims, but denies that the claims have merit.

Lines 93-97.  Defendant denies the allegations in lines 93-97.

## RELIEF REQUESTED

Lines 98-100.  These lines set forth plaintiff's prayer for relief.  No response is required to these lines, except that defendant denies plaintiff is entitled to a jury trial on her ADEA claims.  Any relief under Title VII would also be limited by 42 U.S.C. § 2000e-5(g)(2)(B).

## FIRST DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

**SECOND DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

Defendants reserve the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.

Having fully answered the complaint, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

Respectfully submitted,

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-5309

May 9, 2008

## **CERTIFICATE OF SERVICE**

_____I hereby certify that on May 9, 2008 I served plaintiff with Defendant's Answer by mailing it to the following address:

Maria V. Carmona
8306 Haven Hill Court
Laurel, MD 20723


/s/ Harry B. Roback_____
Harry B. Roback